IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| **WILLIAM E. PATIENT**, | ) | |
| | ) | |
|     Plaintiff, | ) | Cause No. _____ |
| | ) | |
| v. | ) | Division No. ___ |
| | ) | |
| **ALLSTAFF TECHNICAL** | ) | |
| **SOLUTIONS, INC.,** | ) | |
| Serve: Rebekah Barr | ) | |
|        3066 Mercer University Drive | ) | |
|        Suite 300 | ) | |
|        Atlanta, GA 30341 | ) | Jury Trial Demanded |
| | ) | |
| **LEIDOS, INC.,** | ) | |
| Serve: CT Corporation System | ) | |
|        120 South Central Avenue | ) | |
|        Clayton, MO 63105 | ) | |
| | ) | |
|     Defendants. | ) | |

### **PETITION FOR DAMAGES**

COMES NOW Plaintiff and for his Petition for Damages against Defendants states:

### **Nature of Action**

1.　　This action is brought pursuant to the Age Discrimination in Employment Act ("ADEA").

### **Parties**

2.　　Plaintiff is an adult male citizen of the State of Missouri.

3.　　Defendant Allstaff Technical Solutions, Inc. ("Allstaff") is a corporation organized under the laws of the State of Mississippi.

4.　　Defendant Allstaff, among other things, provides technical consulting and staffing services to federal government contractors.

1

5. Defendant Leidos, Inc. ("Leidos") is a corporation organized under the laws of the State of Delaware.

6. Defendant Leidos is a defense, aviation, information technology, and biomedical research company that works extensively with the federal government.

7. At all times relevant to this lawsuit, Defendants were employers within the meaning of the ADEA.

8. At all times relevant to this lawsuit, Defendants Allstaff and Leidos were co-employers of Plaintiff.

9. Alternatively, at all times relevant to this lawsuit, Defendant Allstaff was Plaintiff's employer.

10. Alternatively, at all time relevant to this lawsuit, Defendant Leidos was Plaintiff's employer.

**Procedural Prerequisites**

11. On or about May 31, 2019, Plaintiff timely submitted a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) wherein he alleged Defendant Allstaff unlawfully discriminated against him based on age.

12. On or about May 31, 2019, Plaintiff timely submitted a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) wherein he alleged Defendant Leidos unlawfully discriminated against him based on age.

13. On or about November 21, 2019, the EEOC issued its Dismissal and Notice of Rights with regard to Defendant Allstaff, and Plaintiff instituted this action within 90 days of his receipt thereof.

14. On or about November 22, 2019, the EEOC issued its Dismissal and Notice of Rights with regard to Defendant Leidos, and Plaintiff instituted this action within 90 days of his receipt thereof.

**Factual Allegations**

15. Plaintiff was born on December 17, 1956.

16. In 1974, Plaintiff joined the United States Navy and served four years.

17. Thereafter, Plaintiff served in the Naval Reserve for twenty years, retiring in 1998.

18. While in the Naval Reserve, Plaintiff was a civilian employee for the Department of the Army and then the Defense Information System Agency until he retired after twenty-six years of service.

19. Plaintiff began working as a PC Tech with the St. Louis District of the Army Corps of Engineers in November, 2008.

20. Plaintiff was employed by several different contractors over the years.

21. In June 2018 (or thereabouts), the Army Corps of Engineers Information Technology contract (ACE-IT) was awarded to Leidos.

22. Leidos then subcontracted with Allstaff such that all PC Techs at the St. Louis District became employed by Leidos and/or Allstaff.

23. When Leidos took over the ACE-IT, there were only two PC Techs, Plaintiff and Cindy Laub.

24. Laub was 56 years old.

25. Three additional PC Techs were hired.

3

26. On or about October 19, 2018, Plaintiff and Ms. Laub were summoned to a meeting with two of their superiors, Bruce Bower and James Kot.

27. During this meeting, Bower and Kot told Plaintiff and Laub they were too old and that they wanted younger and more energetic techs.

28. Shortly thereafter, Leidos decided there should be an onsite Leidos employee PC Tech Point of Contact ("POC").

29. One of the recent newly hired PC Techs, Shawn Hodge, was made temporary POC.

30. Hodge was much younger than Plaintiff.

31. Plaintiff and Hodge applied for the permanent POC position.

32. On or about December 10, 2018, the permanent POC position was given to Hodge.

33. On or about January 28, 2019, Laub was terminated.

34. On or about February 27, 2019, Devorah Katz (Allstaff HR Director) called Plaintiff at home and told him Bower and Kot wanted to terminate Plaintiff.

35. Katz also told Plaintiff that she told Bower and Kot they cannot terminate Plaintiff without a legitimate reason.

36. On that same date, February 27, 2019, Plaintiff was placed on a Performance Improvement Plan for false and pre-textual reasons.

37. On or about April 22, 2019, Plaintiff was terminated for false and pre-textual reasons.

### Count I - Violation of the ADEA (Failure to Hire) - Allstaff

Electronically Filed - City of St. Louis - February 03, 2020 - 10:16 AM

38. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

39. Plaintiff was born on December 17, 1956 and therefore is a member of a protected group.

40. Because of his age, Plaintiff was discriminated against and suffered adverse employment action by Defendant, including being passed over for the permanent POC position.

41. Plaintiff's age was the motivating factor in Defendant's adverse decision against Plaintiff.

42. Plaintiff was damaged as a result of the adverse employment action taken against him.

43. Defendant engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant discriminated against Plaintiff based on age without just cause or excise in violation of the ADEA.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances.

### Count II - Violation of the ADEA (Failure to Hire) - Leidos

44. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

5

45. Plaintiff was born on December 17, 1956 and therefore is a member of a protected group.

46. Because of his age, Plaintiff was discriminated against and suffered adverse employment action by Defendant, including being passed over for the permanent POC position.

47. Plaintiff's age was the motivating factor in Defendant's adverse decision against Plaintiff.

48. Plaintiff was damaged as a result of the adverse employment action taken against him.

49. Defendant engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant discriminated against Plaintiff based on age without just cause or excise in violation of the ADEA.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances.

### Count III - Violation of the ADEA (Termination) - Allstaff

50. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

51. Plaintiff was born on December 17, 1956 and therefore is a member of a protected group.

52.  Because of his age, Plaintiff was discriminated against and suffered adverse employment action by Defendant, including termination.

53.  Plaintiff's age was the motivating factor in Defendant's adverse decision against Plaintiff.

54.  Plaintiff was damaged as a result of the adverse employment action taken against him.

55.  Defendant engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant discriminated against Plaintiff based on age without just cause or excise in violation of the ADEA.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances.

### Count IV - Violation of the ADEA (Termination) - Leidos

56.  Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

57.  Plaintiff was born on December 17, 1956 and therefore is a member of a protected group.

58.  Because of his age, Plaintiff was discriminated against and suffered adverse employment action by Defendant, including termination.

Electronically Filed - City of St. Louis - February 03, 2020 - 10:16 AM

59. Plaintiff's age was the motivating factor in Defendant's adverse decision against Plaintiff.

60. Plaintiff was damaged as a result of the adverse employment action taken against him.

61. Defendant engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant discriminated against Plaintiff based on age without just cause or excise in violation of the ADEA.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances.

Respectfully submitted,

PONDER ZIMMERMANN LLC

By      /s/ Douglas Ponder
Douglas Ponder, #54968
dbp@ponderzimmermann.com
Jaclyn M. Zimmermann, #57814
jmz@ponderzimmermann.com
20 South Sarah Street
St. Louis, MO  63108
Phone:     314-272-2621
FAX:       314-272-2713
*Attorneys for Plaintiff*

8